Craig Sanders
csanders@sanderslaw.group (SBN: 384297)
**SANDERS LAW GROUP**
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Telephone: (516) 203-7600

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Michael Stewart,<br><br>Plaintiff,<br><br>v.<br><br>Mayvenn, Inc.,<br><br>Defendant. | Case No:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §501**<br><br>JURY TRIAL DEMAND |

Plaintiff Michael Stewart ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Mayvenn, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Michael Stewart *("Stewart")* created a photograph of media personality and businesswoman Kim Kardashian (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a website at shop.mayvenn.com (the "*Website*"), through which it sells hair extensions, wigs and related hair products to consumers.

4. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York and maintains a principal place of business in New York County, New York.

6. Defendant is a Delaware corporation with a principal place of business at 1900 Powell Street, 7th Floor, Emeryville in Alameda County, California.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in California.

9. Venue is proper under 28 U.S.C. §§1391(b) and 1400(a) because Defendant resides and may be found in this Judicial District, because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

10. Pursuant to Civil L.R. 3-2(c), this action is an Intellectual Property Action and is properly assigned on a district-wide basis.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

11. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

SLG SANDERS LAW GROUP

12. Plaintiff is a New York-based entertainment and celebrity photographer who has, for many years, photographed public figures and cultural events in New York City.

13. Plaintiff's work has been distributed for many years through Getty Images, one of the world's leading photo agencies, and has been licensed to numerous media outlets in the United States and abroad, including HollywoodLife.com and SheFinds.com.

14. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

15. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

16. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

17. The Photograph depicts Kim Kardashian in New York City during New York Fashion Week in September 2017, shortly after she debuted her platinum hair.

18. On September 8, 2017, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

19. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

20. On November 6, 2017, the Photograph was registered by the USCO under Registration No. VA 2-076-141.

21. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.



SLG SANDERS LAW GROUP

**B. Defendant's Infringing Activity**

22. Defendant is the registered owner of the Website and is responsible for its content.

23. Defendant is the operator of the Website and is responsible for its content.

24. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

25. Defendant is a venture-backed beauty retail company founded in 2013 that sells virgin human hair bundles, wigs, clip-in extensions and related hair products directly to consumers through the Website.

26. Defendant has raised more than $70 million from investors, including a $40 million Series C financing round in 2022 led by Cleveland Avenue with participation from Goldman Sachs Asset Management, and promotes its products through a network of tens of thousands of hairstylists nationwide.

27. Defendant publishes a blog on the Website, styled “The Mayvenn Hair Journal,” whose articles about hairstyles and hair trends serve as marketing content designed to attract consumers interested in hair products and to direct them to Defendant’s online store.

28. The webpage on which Defendant displays the Photograph is interspersed with advertisements and links for Defendant’s products, including a “Shop the virgin hair our customers reorder most” banner with a “Shop Best Sellers” button, a persistent “Shop our best sellers” banner, and links to Defendant’s product collections.

29. Defendant used the Photograph, which prominently features Kim Kardashian’s long, straight platinum hair, to illustrate a hairstyle of the very kind Defendant’s straight hair, wig and extension products are sold to create, thereby using Plaintiff’s work to attract readers and drive sales of Defendant’s products.



SLG SANDERS · LAW GROUP ·

30. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

31. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

32. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

33. On or about December 28, 2017, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Photograph on the Website as part of an on-line story at URL: https://shop.mayvenn.com/blogs/blog/ratchet-hairstyles-be-gone (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

34. The Photograph was intentionally and volitionally copied and stored by Defendant at URL: https://cdn.shopify.com/s/files/1/0770/3327/5678/files/unnamed_cc8ff8d5-5b5b-4fd5-bf16-d636c9e208ff.jpg?v=1696833695.

35. Upon information and belief, the version parameter of that URL reflects that Defendant uploaded a further copy of the Photograph to its Shopify content delivery network on or about October 9, 2023, thereby reproducing the Photograph anew.

36. Defendant credited the Photograph "Photo: Instagram." Instagram is not the author or owner of the Photograph, and Defendant did not identify or credit Plaintiff.



SLG SANDERS LAW GROUP

37. The Infringement is a cropped copy of Plaintiff's original image that was directly copied and displayed by Defendant.

38. Plaintiff first observed the Infringement on December 12, 2023, and did not know, and had no reason to know, of the Infringement before that date.

39. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

40. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

41. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photograph.

42. Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

43. Upon information and belief, the Infringement was not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

44. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

45. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

46. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

47. Upon information and belief, Defendant monitors the content on its Website.

48. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

49. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenue.

50. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

51. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

52. Defendant's use of the Photograph harmed the actual market for the Photograph.

53. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

54. On February 20, 2024, April 11, 2024, November 24, 2025, and December 24, 2025, Plaintiff, via counsel, served letters seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

55. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

56. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby

establishing the willful nature of its conduct.

57. The Infringement remains displayed on the Website as of the date of this Complaint. On or about October 23, 2026, after receiving all four of Plaintiff's letters, Defendant updated the very webpage on which the Infringement appears and continued to display the Photograph.

58. The Infringement was preserved by the Internet Archive's Wayback Machine as it appeared on the Website on April 16, 2024, at URL: https://web.archive.org/web/20240416164044/https://shop.mayvenn.com/blogs/blog/ratchet-hairstyles-be-gone. A copy of a screengrab of that archived capture, together with a screengrab of the Infringement as it appeared on the Website on November 4, 2026, is attached hereto as Exhibit 3.

59. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

60. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

61. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

62. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

63. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

64. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and

illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

65. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

66. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

67. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

68. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

69. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

70. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the

Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: November 6, 2026

**SANDERS LAW GROUP**

By: _*/s/ Craig Sanders*_
Craig Sanders, Esq. (SBN: 384297)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129594

*Attorneys for Plaintiff*